UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>RICHARD GREER,<br><br>　　　　　　　Defendant. | **OPNION & ORDER**<br><br>13-cr-00747 (WHW) |

**Walls, Senior District Judge**

Petitioner Greer moves the Court *pro se* to terminate his supervised release. ECF No. 11. The Government did not respond to the motion. For the following reasons, the motion is denied.

## FACTS AND PROCEDURAL BACKGROUND

Mr. Greer pled guilty to a one-count Information which charged that he conspired to commit mail fraud in violation of 18 U.S.C. § 1341 and § 1349. ECF Nos. 5; 9. The Information alleged that Greer bribed a Union County official to provide government business to his maintenance and cleaning supplies company. ECF No. 1. Greer was sentenced to imprisonment for a term of 31 months, followed by a term of supervised release of three years. ECF No. 9 at 2-3. Sueprvised release began September 1, 2017. ECF No. 11 at 2.

## STANDARD

Supervised release following a defendant's period of imprisonment is designed to provide support for rehabilitation and "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States,* 529 U.S. 694, 708-9 (2000). Under 18 U.S.C. § 3583(e)(1), "the court may ... terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action

1

is warranted by the conduct of the defendant released and the interest of justice." In making this determination, the statute directs the court to consider many of the same factors that it is required to consider in imposing the initial sentence under 18 U.S.C. § 3553(a).

## DISCUSSION

Before addressing the § 3553(a) factors, the Court must inquire as to whether Mr. Greer waived his right to petition for an early termination of supervised release. Specifically, the plea agreement stated:

> Richard Greer knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18. U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25.

ECF No. 5 at ¶ 12. *See also Tuytjens v. United States*, No. CV137597, 2015 WL 5882820, at *1 (D.N.J. Oct. 6, 2015) (referring to the language of this waiver as "routine").

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver. The right to appeal in a criminal case is among those rights that may be waived." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008), *cert. denied*, 557 U.S. 903 (2009). The Court will not review the merits if: "(1) the issues raised fall within the scope of the [] waiver; and (2) [Petitioner] knowingly and voluntarily agreed to the [] waiver; unless (3) enforcing the waiver would 'work a miscarriage of justice.'" *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014) (quoting *United States v. Grimes*, 739 F.3d 125, 128-19 (3d Cir. 2014)), *cert. denied*, 136 S. Ct. 400 (2015). *See also Bines v. United States*, No. 16CV1834, 2018 WL 4855097, at *4 (D.N.J. Oct. 5, 2018) ("A waiver must be enforced unless the court identifies the unusual circumstance of an

error amounting to a miscarriage of justice involving the sentence") (internal quotations omitted).

"[T]he word 'sentence' in a broad [] waiver such as that now before us includes the terms and conditions of supervised release and, therefore, bars appeals challenging those terms and conditions." *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013). Likewise, "the kind of standard waiver provision in Petitioner's plea agreement has been routinely upheld by this Court and by the Third Circuit." *Tuytjens*, 2015 WL 794575 at *5. This Court recently denied a petitioner's motion to terminate supervised release that used identical language as the waiver excerpted above. *See United States v. Vicendese*, No. 13-cr-00648-WHW (D.N.J. Jan. 8, 2019) (stating that the "Court has denied similar motions based on near identical plea agreements"). Accordingly, the Court finds that Mr. Greer is barred from challenging the terms of his supervised release as a condition of his plea agreement, and his motion is therefore DENIED.

DATE: 9/May/19

William H. Walls
Senior United States District Court Judge